## SAN JUAN FRUIT COMPANY, Plff.,

### *v.*

## CARRILLO ET AL., Dfts.

---

San Juan, Law, No. 1018.

### ON MOTION TO STRIKE AND A DEMURRER.

Practice—Motion to Strike.

    1. A motion to strike for irrelevancy cannot be substituted for a demurrer to pleading for insufficiency. Because a judgment is brief, and may need reference to the pleadings, is not a ground for striking it out from a complaint setting it up as *res judicata.*

Res Judicata—Affirmative Relief.

    2. *Res judicata* is not always a defense. While under registration laws it may not be sufficient to confer title, it may be sufficient

San Juan Fruit Co. v. Carrillo.

as an estoppel. It may affect the remedy, although it may not affect the title.

Motion to Strike—Brief.

3. A brief inserted as an exhibit to a complaint will be struck out as irrelevant.

Prescription—Good Faith.

4. A shorter prescription than thirty years does not apply where the defendant is alleged not to possess land in good faith.

Description of Interest—Tenancy in Common.

5. Where a complaint alleges that defendants are in possession of a tract of land without right, it will be construed as meaning that they are in possession as cotenants.

Opinion filed February 6, 1915.

*Mr. E. B. Wilcox* for plaintiff.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for defendants.

HAMILTON, Judge, delivered the following opinion:

This court rendered an opinion on October 21, 1914, and since then the complaint has been amended. A motion to strike and a demurrer have now been filed to the amended complaint, designed to raise substantially the same questions.

1. The motion to strike is under § 123 of the Code of Civil Procedure, which provides that "all irrelevant and redundant matter in a pleading shall be stricken out by the court on motion of the opposed party." The matter supposed to be irrelevant is paragraph 8 and the exhibit, which together are intended to raise the point of *res judicata.* The exhibit in question contains a transcript of the record in a case in the

San Juan Fruit Co. v. Carrillo.

local district court of San Juan between certain Carrillo plaintiffs and parties constituting the firm of San Juan Fruit & Land Company. That suit was filed April 9, 1906, and resulted in a sentence April 29, 1909, in the following words: "And the court being duly advised in the premises, having heard the proof and the argument of counsel, is of the opinion that the law and the facts are against the plaintiffs; wherefore it holds that it should dismiss, and does hereby dismiss, the complaint with costs to the plaintiffs, and further, that plaintiffs should recover nothing from the defendants. Let judgment be entered accordingly."

This judgment of the court was sustained by the supreme court, as shown by memorandum No. 455 in volume 15 of Porto Rico Reports, 825.

The argument is that this record does not constitute *res judicata*, because the judgment does not show that the title was involved. The form of a judgment is sometimes brief. It may express the details of law or facts found, or, if not, the complaint and other proceedings may be referred to in order to illustrate and explain the judgment upon them. Taking the pleadings with the judgment, it is not clear that the suit did not involve the title. Even if this were true, it would not be reached by a motion to strike. A motion to strike for irrelevancy cannot be substituted for a demurrer to a pleading for insufficiency. A demurrer gives an opportunity to amend, while a motion to strike may not. Moreover, the point presented is one of pleading, and the court cannot say in advance that evidence may not be presented upon the trial which will cure any supposed brevity of the pleading of *res judicata*.

2. It is further argued that *res judicata* is a defense, and cannot be made the basis of affirmative relief in a complaint.

No authorities were cited in support of this, and on principle it does not seem to be well founded. *Res judicata* may not, under the laws of registration in Porto Rico, be sufficient to confer a title, but no reason has been shown why it may not be sufficient to estop or prevent parties to the suit in question from setting up anew a claim which they had once lost in a suit with the same opponents. It may affect the remedy, although it may not affect the title.

3. The exhibit in question does contain irrelevant matter, in that it annexes forty-five pages of a brief which was apparently filed in the local court. However illuminating the discussion may be, it is not proper as pleading, and the motion to strike will be granted so far as relates to this brief.

4. The demurrer seeks to raise the point that the cause of action has prescribed. The complaint, however, alleges that the defendant did not and does not possess in good faith. If this be so, no prescription short of thirty years would meet the case, and this period has not elapsed since the defendants began to hold adversely.

5. The demurrer further avers, as was set up against the original complaint, that the possession of each defendant is not sufficiently identified. The amended complaint, however, as drawn, is not subject to this defect, whatever may be the proof when the parties come to trial. As to whether the amended complaint makes a departure from the original complaint is not raised by the motion or demurrer. The complaint describes a certain definite tract of land, alleging that the plaintiff is its owner entitled to possession, and goes on to say that the "defendants continue in possession of the said tract . . . without right or title thereto and against the will of the plaintiffs." Nowhere is there any intimation that the defendants hold

separate portions of this general tract of 35 cuerdas. The principles governing certainty in description have been discussed in the previous opinion in this case, and need not be here repeated. It is true that in the exhibit attached to the complaint it is alleged that the several complainants at that time, that is 1906, claimed various parcels, which are separately described therein. The present complaint, however, does not adopt these allegations as applicable to the present possession. It merely says that the defendants are in possession, which, without more, would be construed as meaning that they own undivided interests. Whether the plaintiff meant to allege this, the court does not know; but it is the legal construction of a paper alleging that several parties are in possession of one tract of land. Whatever may be the effect of this when evidence is offered, there is no defect subject to demurrer. The demurrer is therefore overruled.

It is therefore ordered that the motion to strike is denied so far as relates to the matter of *res judicata,* but it is granted as to the brief made part of Exhibit "A."

It is further ordered that the demurrer be, and the same hereby is, overruled.